Elinda W. Parker v. Commissioner.
Parker v. Commissioner
Docket No. 75792.
United States Tax Court
T.C. Memo 1961-123; 1961 Tax Ct. Memo LEXIS 232; 20 T.C.M. (CCH) 597; T.C.M. (RIA) 61123; April 27, 1961
*232 James M. DeVinne, Esq., for the petitioner. J. P. Graham, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $550.96 in petitioner's income tax for the year 1953. The sole question is whether a lump-sum settlement of marital support liability constituted a payment of arrearages and is therefore includible in the gross income of petitioner-wife. Findings of Fact The stipulated facts are found. Petitioner, an individual residing in Cleveland, Ohio, filed her income tax return for the year 1953 with the district director of internal revenue, Cleveland, Ohio. Petitioner and Jack Parker, her husband, were divorced on or about April 20, 1934, at which time there was one child living, Robert, aged about 6 years. Jack Parker was ordered to pay to petitioner the sum of $20 per week for the support of Robert, beginning April 9, 1934, and continue these payments until Robert reached majority, December 2, 1948, at which time [Jack Parker] shall pay to [petitioner] for her support such portion of said $20.00 as is then determined by the Court, predicated upon the respective conditions of the *233 parties hereto. Nothing shall be paid to [petitioner] by [Jack Parker] after the age of majority is reached by said minor child if she has remarried and is living with her husband. In addition, Jack Parker was ordered to pay all arrearages of alimony pendente lite. Petitioner did not remarry and on September 24, 1951 the divorce decree was supplemented to provide, in part, that Jack Parker was to pay $10 per week to petitioner for her support, beginning January 30, 1950 and continuing until further order of the court. Jack Parker failed to make the weekly payments of $10 from January 30, 1950 through October 19, 1953, a period of 194 weeks. Petitioner consulted with Martin Rini, an attorney, with regard to collecting the arrearages. Jack Parker was at that time domiciled in New York and petitioner was having difficulty in acquiring in personam jurisdiction in Ohio. Petitioner instituted an action under Ohio's Uniform Reciprocal Enforcement of Support Act to recover the arrearages, but she was informed that she could never collect these arrearages. Petitioner then consulted another attorney, Ben Ledsky, who succeeded in arranging a settlement of the arrearages. At the *234 same time, there was a release of future alimony payments. This "Release," drafted by Jack Parker's attorney and signed by petitioner on October 21, 1953, provided as follows: Received from Jack Parker, the sum of Two Thousand Two Hundred Dollars ($2,200.00) in full settlement of alimony due in Case No. 39542, Court of Common Pleas. I hereby agree to a modification of the order of Court relieving Jack Parker of any further alimony payments in this case. I further agree that the action bearing Case No. 63896 in the Common Pleas Court of Cuyahoga County, Ohio, styled Elinda Parker vs. Jack Parker, same being an action under the Reciprocal Act for Support of Dependents, may have the entry placed thereon of "Settled and Dismissed at Defendant's Cost". The decree of the court was likewise modified as follows: This cause came on to be heard on October 22nd, 1953, on oral motion of [Jack Parker] to modify the order of the court that [Jack Parker] pay [petitioner] the sum of Ten Dollars ($10.00) per week as alimony until further order of the court. The court finds that [Jack Parker] has complied with said order by paying [petitioner] the sum of Twenty-Two Hundred Dollars *235 ($2,200.00) and the [petitioner] has agreed to waive any further alimony payments in the future. It is therefore, ORDERED, ADJUDGED, and DECREED that [Jack Parker] be relieved of further alimony payments to the [petitioner]. At the date of the settlement Jack Parker was $1,940 in arrears in alimony payments, and petitioner had paid Rini a fee of $260, and Ledsky a fee of $200. Jack Parker was 53 years of age and had a life expectancy of 18.79 years, and petitioner was 51 years old with an expectancy of 20.2 years. There is no record of Jack Parker's health or financial condition at this time. He died in 1959. Respondent determined the deficiency herein by including in petitioner's gross income the settlement amount of $2,200. The settlement amount constituted $1,400 in payment of the unpaid arrearages, and the remaining $800 in consideration for the release of future alimony payments. Opinion Generally speaking, a lump-sum settlement of a marital obligation partakes of the character which the payments would have had if made in due course, thereby determining the extent of taxability to the wife accordingly. , affd. *236 (C.A. 2, 1951); , affd. (C.A. 2, 1951); , affd. (C.A. 2, 1955); . But the difficulty here is that something more than the amount due as accumulated "perodic" payments was paid in a settlement including the release of the husband's future liability. This distinguishes the present situation from such cases as those already cited where either the exact amount of arrears or a smaller amount was received by the wife. ; , affd. (C.A. 2, 1953). Since $2,200 was paid and only $1,940 was due for arrearages, it seems to us necessary to allocate some part of the payment to the husband's release from prospective alimony payments. That portion would not be taxable to the petitionerwife. The husband was thus evidently willing to pay something for this release, and it seems to us unrealistic to assume that it was only the $260 difference, *237 especially in the light of the husband's obvious avoidance of efforts to collect the arrearages as such. While we are not prepared to base the allocation on mortality tables alone, and while there is no evidence from which we can arrive at the probabilities of petitioner's remarriage, cf. , affd. (C.A. 2, 1946), we are nevertheless satisfied that an allocation of some kind under the Cohan rule [1] is appropriate. On this assumption we have found as a fact that $1,400 of the total was paid as arrears of periodic payments and is thus taxable to petitioner, and that the balance of the payments amounting to $800 is not. Decision will be entered under Rule 50. Footnotes
1. (C.A. 2, 1930).↩